RANDY S. GROSSMAN
Acting United States Attorney
George V. Manahan
Assistant U.S. Attorney
California Bar No. 239130
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7607
Fax: (619) 546-7751
Email: george.manahan@usdoj.gov

Attorneys for the United States

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PERDUE III, et al., | Case No.: '21 CV 1478 W    DEB |
| Plaintiffs, | **NOTICE OF LODGMENT OF STATE COURT PLEADINGS FILED PRIOR TO REMOVAL** |
| v. | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., | |
| Defendants. | |

## TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that copies of the following pleadings originally filed in the Superior Court of California, County of San Diego, Case No. 37-2020-00028645-CU-MM-CTL are hereby lodged with the Court:

| ROA # | Date Filed | Document | Page Numbers |
|---|---|---|---|
| 1-2 | 8/14/2020 | Complaint & Civil Case Cover Sheet | 3-18 |
| 10-11 | 9/14/2020 | Application and Order Appointing Guardian Ad Litem | 19-22 |
| 12 | 9/14/2020 | Original Summons | 23-25 |
| 15 | 2/3/2021 | Answer filed by Amy Huong Tran MD,; Jon J Roth MD,; Encinitas Hospitalist Associates Inc. | 26-33 |
| 21 | 3/1/2021 | Answer filed by Mark Beyer PA; Nathalie Callahan PA | 34-42 |
| 29 | 3/8/2021 | Answer filed by The Regents of the University of California. | 43-55 |

| 35 | 4/2/2021 | Stipulation and Order Regarding Dismissal filed by Grunvald MD, Eduardo L; Roderick MD, Elizabeth; Grover MD, Ian; Cubas MD, Robert F; The Regents of the University of California; Perdue, Richard III; Miller-Perdue, Kealani Marie; Miller-Perdue, Kekoa Khailani; Miller-Perdue, Khaielee Dalani. | 56-60 |

DATED:      August 19, 2021                    Respectfully submitted,

RANDY S. GROSSMAN
Acting United States Attorney

s/ *George Manahan*
George Manahan
Assistant United States Attorney
Email: george.manahan@usdoj.gov
Attorneys for United States

*NOTICE OF LODGMENT OF STATE COURT*
*PLEADINGS FILED PRIOR TO REMOVAL*

ORIGINAL

FILED
CIVIL BUSINESS OFFICE-31
CENTRAL DIVISION

2020 AUG 14  A 10: 39

F I L E D
Clerk of the Superior Court

AUG 1 4 2020

CLERK OF THE COURT
SAN DIEGO COUNTY, CA

By: M. Valdez, Deputy

1  Richard M. Katz, Esq. (SBN 86941)
   Richard@katzlawoffices.com
2  Harlan N. Petoyan, Esq. (SBN 272429)
   Harlan@katzlawoffices.com
3  THE LAW OFFICES OF RICHARD M. KATZ
4  1122 E. Green Street
   Pasadena, CA 91106
5  Telephone (626) 796-6333
   Facsimile (626) 796-5615

6  Attorneys for Plaintiffs,
   RICHARD PERDUE III, KEALANI MARIE MILLER-PERDUE,
7  KEKOA KHAILANI MILLER-PERDUE and KAIELEE DALANI MILLER-PERDUE

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF SAN DIEGO

10

11  RICHARD PERDUE III, KEALANI          )   CASE NO. 37-2020-00028645-CU-MM-CTL
    MARIE MILLER-PERDUE, a minor, by     )
12  and through her Guardian Ad Litem,   )   COMPLAINT FOR WRONGFUL DEATH
    RICHARD PERDUE III,  KEKOA           )   ARISING FROM MEDICAL
13  KHAILANI MILLER-PERDUE, a minor,     )   NEGLIGENCE
    by and through his Guardian Ad Litem,)
14  RICHARD PERDUE III and KHAIELEE      )   [CC § 1714, 3333, 3333.2]
    DALANI MILLER-PERDUE,                )
15                                       )
                Plaintiffs,              )
16                                       )
                                         )
17  vs.                                  )
                                         )
18  THE REGENTS OF THE UNIVERSITY        )
    OF CALIFORNIA, legal entity, specific)
19  form unknown, UCSD / UC SAN DIEGO    )
    HEALTH CENTER, legal entity, specific)
20  form unknown, SCRIPPS HEALTH         )
    SYSTEM, a business entity, specific form)
21  unknown,  ENCINITAS HOSPITALIST      )
    ASSOCIATES, a legal entity, specific )
22  form unknown, VISTA COMMUNITY CLINIC,)
    a business entity, specific form unknown,)
23  MINH TRAN DAO, M.D., MARK C.         )
    BEYER, P.A., AMY HUONG TRAN,         )
24  M.D., IAN GROVER, M.D., JOYCLENE     )
    GREEN, M.D., ROBERT F. CUBAS, M.D.,  )
25  JON J. ROTH, M.D., NATHALIE KARIN    )
    CALLAHAN, P.A., ELIZABETH            )
26  RODERICK, M.D., EDUARDO L.           )
    GRUNVALD, M.D., and DOES 1           )
27  through 100, inclusive,              )
                                         )
28                Defendants.            )
    _____)

BY FAX

AUG 14 '20 at 10:12

1

1    COMES NOW Plaintiffs and allege as follows:

2    (WRONGFUL DEATH ARISING FROM MEDICAL NEGLIGENCE)

3    Against All Defendants

4    1.    That on August 22, 2019, ILENE MILLER-PERDUE (born August 1, 1979) deceased

5          (hereinafter referred to as "DECEDENT" or "DECEDENT I. MILLER-PERDUE") expired

6          as a proximate result of the acts, omissions or vicarious liability of Defendants and each of

7          them. Decedent left surviving the following, who qualify under California Code of Civil

8          Procedure Section 377.60 and California Probate Code Section 6402: RICHARD PERDUE

9          III (husband), KEALANI MARIE MILLER-PERDUE (daughter) a minor by and through her

10         Guardian Ad Litem, RICHARD PERDUE III,  KEKOA KHAILANI MILLER-PERDUE

11         (son) a minor by and through his Guardian Ad Litem, RICHARD PERDUE III and

12         KHAIELEE DALANI MILLER-PERDUE (son), hereinafter at times collectively referred

13         to as "Plaintiffs".  Plaintiffs are informed and believe and thereon allege that pursuant to

14         C.C.P. § 377.60 there are no other heirs or persons entitled to assert a wrongful death cause

15         of action or claims.

16   2.    At all times herein alleged, Plaintiff KEALANI MARIE MILLER-PERDUE, is a minor child

17         born on June 29, 2004 and will file an application with this court to have her father / legal

18         guardian, RICHARD PERDUE III appointed as her guardian ad litem in this matter.

19   3.    At all times herein alleged, Plaintiff KEKOA  KHAILANI MILLER-PERDUE, is a minor

20         child born on June 27, 2010 and will file an application with this court to have his father /

21         legal guardian, RICHARD PERDUE III appointed as his guardian ad litem in this matter.

22   4.    Plaintiffs are and at all times herein mention were,  residents of the County of San Diego,

23         State of California.

24   5.    Plaintiffs are informed and believe and thereon allege that Defendants and DOES 1 through

25         100, inclusive, and each of them, at all times herein mentioned were, residents of the County

26         of San Diego, State of California, and / or were doing business therein.

27   6.    Plaintiffs are ignorant of the true names, capacities and identities, whether individual,

28         corporate, associate or otherwise of DOES 1 through 100, inclusive, and each of them, who

2

COMPLAINT FOR WRONGFUL DEATH ARISING FROM MEDICAL NEGLIGENCE

therefore sue these DOE Defendants by such fictitious names for the reason that the true names and capacities of said Defendants are unknown to Plaintiffs at this time.  When the true names and capacities of said Defendants are ascertained, Plaintiffs  will ask leave of court to amend this Complaint to insert the true names, identities and capacities of said factiously-named Defendants, together with any additional allegations that may be necessary in regard thereto.   Plaintiffs are informed and believe and thereon allege that each fictitiously-named Defendant sued herein was in some manner legally responsible, negligent or in some other actionable manner for the acts and occurrences hereinafter alleged and / or was a substantial factor in causing Plaintiffs' injuries and damages as herein or hereinafter alleged.

7.   At all times herein mentioned, Plaintiffs are informed and believe and thereon allege that each Defendant was the agent, servant, employee, ostensible agent, apparent agent, assistant and / or consultant of each remaining Defendant, and was, as such, acting within the course and scope of said capacity (be it agent, servant, employee, ostensible agent, apparent agent, assistant and / or consultant) with the consent and ratification of his / her / its co-Defendants. And that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant agent, servant, employee, ostensible agent, apparent agent, assistant and / or consultant.

8.   Plaintiffs are informed and believe and upon such information and belief allege that Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, is a California public corporation, authorized and empowered to administer a public trust known as the University of California, pursuant to Article IX, Section 9, subdivisions (a) and (f) of the California Constitution.  Its principal place of business is in Oakland, Alameda County, California.  Plaintiffs are informed and believe and thereon allege that Defendants sued herein as UCSD / UC SAN DIEGO HEALTH CENTER are entities within the University of California and operates under said organization.  Plaintiffs are informed and believe and thereon alleged that these defendants as related to DECEDENT and Plaintiffs are authorized and licensed to conduct and did conduct a hospital / clinic business or medical business or

3

1   other similar businesses or other business in the State of California, County of San Diego,
2   to which members of the public were invited, including DECEDENT I. MILLER-PERDUE.
3   As to these Defendants, Plaintiffs are unaware of the exact form of business organization
4   under which they conducted business and their specific legal relationship, therefore Plaintiffs
5   will ask leave of court to amend this complaint when the same has been ascertained. These
6   Defendants  THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and UCSD / UC
7   SAN DIEGO HEALTH CENTER will hereinafter be referred to collectively as SD
8   HEALTH.

9   9.   Plaintiffs are informed and believe and upon such information and belief allege that
10       Defendants SCRIPPS HEALTH SYSTEM (hereinafter SCRIPPS), ENCINITAS
11       HOSPITALIST ASSOCIATES (hereinafter ENCINITAS), VISTA COMMUNITY CLINIC
12       (hereinafter VISTA), were and are authorized and licensed to conduct and did conduct a
13       hospital / clinic business or medical business or other similar businesses or other business
14       in the State of California, County of San Diego,  to which  members of the public were
15       invited, including DECEDENT.   Plaintiffs are  unaware of the exact form of business
16       organization under which Defendants SCRIPPS, ENCINITAS and VISTA were conducted
17       and Plaintiffs will ask leave of court to amend this complaint when the same has been
18       ascertained.

19   10.  Plaintiffs are informed and believe and thereon allege that at all times herein mentioned,
20       Defendants MINH TRAN DAO, M.D. (hereinafter DAO) MARK C BEYER, P.A.
21       (hereinafter BEYER), AMY HUONG TRAN, M.D. (hereinafter TRAN), IAN GROVER,
22       M.D. (hereinafter GROVER); JOYCLENE GREEN, M.D. (hereinafter GREEN), ROBERT
23       F. CUBAS, M.D. (hereinafter CUBAS), JON J. ROTH, M.D. (hereinafter ROTH),
24       NATHALIE KARIN CALLAHAN, P.A. (hereinafter CALLAHAN), ELIZABETH
25       RODERICK, M.D. (hereinafter RODERICK) and EDUARDO L. GRUNVALD, M.D.
26       (hereinafter GRUNVALD) were physicians or other healthcare providers licensed to practice
27       medicine and / or the healing arts in the State of California. Plaintiffs are informed and
28       believe and thereon allege that all times herein mentioned said named Defendants were

4

1      residents of the County of San Diego, California.

2   11.    Plaintiffs are informed and believe and thereon allege, that at all times herein mentioned,

3      Defendants DAO, BEYER, TRAN, GROVER, GREEN, CUBAS, ROTH, CALLAHAN,

4      RODERICK, GRUNVALD, SD HEALTH, SCRIPPS, ENCINITAS, VISTA and DOES 1

5      through 100, inclusive, and each of them, were health care providers, medical practitioners,

6      medical doctors, medical specialists, physicians, surgeons, physician's assistants, nurses,

7      technicians, aides, radiologists, anaesthetists, laboratory assistants, x-ray assistants and / or

8      medical facilities.  Defendants, and each of them, held themselves out to DECEDENT I.

9      MILLER-PERDUE as possessing that the degree of skill ability and learning common to

10      health care providers in the community, specializing and possessing expertise in the

11      examination, diagnosis, advice, care and treatment of medical condition or conditions

12      afflicting DECEDENT I. MILLER-PERDUE.

13   12.    Plaintiffs are informed and believe and thereon allege that on or about May 23, 2019  and

14      continuing through May 25, 2019, DECEDENT I. MILLER-PERDUE consulted and

15      engaged for compensation the services of Defendants SCRIPPS, ENCINITAS, BEYER,

16      TRAN and DOES 1 through 20, inclusive, and each of them, as health care providers,

17      medical practitioners, medical doctors, medical specialists, physicians, surgeons, physician's

18      assistants, nurses, technicians, aides, radiologists, anaesthetists, laboratory assistants, x-ray

19      assistants and / or medical facilities to examine, diagnose, advise, care, treat, inform and

20      administer to DECEDENT's medical needs, including but not limited to chest pain, shortness

21      of breath, intractable nausea and vomiting for four days, full body aches for four days, four

22      days of constant nausea, vomiting and retching. At all times herein mentioned, a confidential

23      relationship of physician and patient existed between DECEDENT I. MILLER-PERDUE and

24      Defendants SCRIPPS, ENCINITAS,  BEYER, TRAN and DOES 1 through 20, inclusive,

25      and each of them.

26   13.    Plaintiffs are informed and believe and thereon allege that DECEDENT I.

27      MILLER-PERDUE consulted with and engaged the services of Defendants SCRIPPS,

28      ENCINITAS, BEYER, TRAN and DOES 1 through 20, inclusive, and each of them,

COMPLAINT FOR WRONGFUL DEATH ARISING FROM MEDICAL NEGLIGENCE

specifically for obtaining from said Defendants' professional services to examine, diagnose, advise, care, treat, inform recommend and administer regarding her health, medical care, complaints, symptoms and related medical matters, including but not necessarily limited to those matters alleged in Paragraph 12. DECEDENT I. MILLER-PERDUE was admitted into Defendant SCRIPPS' facility. Plaintiffs are informed and believe and thereon allege that the course for this herein alleged time period (May 23, 2019 to May 25, 2019) DECEDENT I. MILLER-PERDUE underwent / received medical services, including but not necessarily limited to the following: abdominal ultrasound (no obstruction), a CT scan (no high-grade surgical abnormalities), and an ECG / EKG.

14.   Plaintiffs are informed and believe and thereon allege that said ECG / EKG done on May 23rd, as alleged in Paragraph 13, showed nonspecific ST abnormality and was shown as being an *"Abnormal ECG."* Said study was then compared to an ECG of November 16, 2016 which showed ST now depressed in Inferior leads; ST now depressed in Lateral leads; T wave inversion more evident in Inferior leads. Plaintiffs are informed and believe and thereon allege that Defendants SCRIPPS, ENCINTAS, BEYER, TRAN and DOES 1 through 20, inclusive, and each of them, were aware of said findings.

15.   Plaintiffs are informed and believe and thereon allege that Defendants SCRIPPS, ENCINTAS, BEYER, TRAN and DOES 1 through 20, inclusive, and each of them, discharged DECEDENT I. MILLER-PERDUE on or about May 25, 2019 and did not inform DECEDENT I. MILLER-PERDUE of the EKG / ECG abnormal findings, did not order a cardiac consult, did not do any further work up. DECEDENT I. MILLER-PERDUE was then discharged from the SCRIPPS facility.

16.   Plaintiffs are informed and believe and thereon allege that DECEDENT I. MILLER-PERDUE before May 31, 2019 and thereafter consulted with and engaged the services of Defendants SD HEALTH and DOES 21 through 40, inclusive, and each of them, specifically for obtaining from said Defendants professional services to examine, diagnose, advise, care, treat, inform and administer regarding her health, medical care, complaints, symptoms and related medical matters, including but not limited to possible medical matters

6

1    related to a procedure commonly known as gastric by-pass surgery. Plaintiffs are informed

2    and believe and thereon allege that on or about May 31, 2019, DECEDENT I.

3    MILLER-PERDUE underwent a procedure known as Roux-en-Y gastric bypass surgery at

4    Defendants SD HEALTH. Plaintiffs are informed and believe and thereon allege said surgery

5    was performed by Horgan Santiago, M.D. Following said Roux-en-Y gastric bypass surgery

6    DECEDENT I. MILLER-PERDUE was discharged home.

7   17.  Plaintiffs are informed and believe and thereon allege that on or about June 4, 2019,

8    DECEDENT I. MILLER-PERDUE consulted with and engaged the services of Defendants

9    SD HEALTH, GROVER, GREEN, CUBAS and DOES 21 through 40, inclusive, and each

10    of them, specifically for obtaining from said Defendants professional services to examine,

11    diagnose, advise, recommend, care, treat, inform and administer regarding her health,

12    medical care, complaints, symptoms and related medical matters, including but not

13    necessarily limited to complaints of chest pain, heartburn, left shoulder pain, nausea,

14    vomiting and abdominal pain. Plaintiffs are informed and believe and thereon allege that

15    DECEDENT underwent / received medical services, including but not necessarily limited

16    to the following, chest x-ray, abdominal CT scan (no evidence of bowel obstruction or free

17    air), ECG / EKG.

18   18.  Plaintiffs are informed and believe and thereon allege that said ECG / EKG, as alleged in

19    Paragraph 17, (completed on or about June 5th) showed nonspecific ST and T wave

20    abnormality. Prolonged QT interval or tu fusion. The study was considered to be "*Abnormal*

21    *ECG.*" and was noted that "*…consider myocardial disease …*". Plaintiffs are informed and

22    believe and thereon allege that Defendants SD HEALTH, GROVER, GREEN, CUBAS and

23    DOES 21 through 40, inclusive, and each of them, were aware of said findings.

24   19.  Plaintiffs are informed and believe and thereon allege that prior to DECEDENT's discharge

25    Defendant GROVER was handed a copy of the said ECG / EKG by Emergency Room Tech

26    Brandon Curtis Belew. Defendants SD HEALTH, GROVER, GREEN, CUBAS and DOES

27    21 through 40, inclusive, and each of them, discharged DECEDENT on or about June 5,

28    2019 and did not inform DECEDENT of the ECG / EKG abnormal findings, did not order

1   a cardiac consult, did not do any further work up.   DECEDENT I. MILLER-PERDUE was

2   then discharged from said SD HEALTH facility.

3   20.   Plaintiffs are informed and believe and thereon allege that DECEDENT I.

4   MILLER-PERDUE on or about June 8, 2019, consulted with and engaged the services of

5   Defendants SCRIPPS, ROTH and DOES 1 through 20, inclusive, and each of them,

6   specifically for obtaining from said Defendants professional services to examine, diagnose,

7   advise, recommend, care, treat, inform and administer regarding her health, medical care,

8   complaints, symptoms and related medical matters, including but not necessarily limited to

9   DECEDENT's complaints / presentation of intractable nausea, vomiting, diarrhea, epigastric

10   pain and other signs and symptoms. DECEDENT was admitted into Defendant SCRIPPS'

11   facility. Plaintiffs are informed and believe and thereon allege that the course for this herein

12   alleged time period (June 8, 2019 to June 11, 2019) DECEDENT I. MILLER-PERDUE

13   underwent / received medical services, including but not necessarily limited to a CT scan

14   of the abdomen (there was no evidence of bowel obstruction or free air) and ECGs / EKGs.

15   21.   Plaintiffs are informed and believe and thereon allege that said ECGs / EKGs done on June

16   8th and June 9th showed sinus tachycardia with occasional premature ventricular complexes,

17   biatrial enlargement, nonspecific ST abnormality.   The studies were considered to be

18   "*Abnormal ECG*" when compared with ECG / EKG of May 23, 2019 as alleged in

19   Paragraph 14. It was noted that "*Previous ECG has undetermined rhythm, needs review.*"

20   22.   Plaintiffs are informed and believe and thereon allege that Defendants SCRIPPS, ROTH and

21   DOES 1 through 20, inclusive, and each of them, discharged DECEDENT on or about June

22   10, 2019. Plaintiffs are informed and believe and thereon allege that Defendants SCRIPPS,

23   ROTH and DOES 1 through 20, inclusive, and each of them, did not inform DECEDENT

24   I. MILLER-PERDUE of the ECGs / EKGs abnormal findings, did not order a cardiac

25   consult, did not do any further cardiac work up.   DECEDENT I. MILLER-PERDUE was

26   then discharged from said SCRIPPS facility.

27   23.   Plaintiffs are informed and believe and thereon allege that on June 11, 2019, DECEDENT

28   I. MILLER-PERDUE consulted with and engaged the services of Defendants SD HEALTH,

8

COMPLAINT FOR WRONGFUL DEATH ARISING FROM MEDICAL NEGLIGENCE

CUBAS and DOES 21 through 40, inclusive, and each of them, specifically for obtaining from said Defendants professional services to examine, diagnose, advise, care, treat, recommend, inform and administer regarding her health, medical care, complaints, symptoms and related medical matters. Plaintiffs are informed and believe and thereon allege that DECEDENT was admitted into Defendant SD HEALTH's facility from June 11, 2019 to June 14. 2019. DECEDENT I. MILLER-PERDUE, while at facility underwent / received medical services including an EGD.

24.   Plaintiffs are informed and believe and thereon allege that Defendants SD HEALTH, CUBAS and DOES 21 through 40, inclusive, and each of them, discharged DECEDENT I. MILLER-PERDUE on or about June 14, 2019. Plaintiffs are informed and believe and thereon allege that Defendants SD HEALTH, CUBAS and DOES 21 through 40, inclusive, and each of them, did not inform DECEDENT I. MILLER-PERDUE of the previous ECG / EKG abnormal findings, did not order a cardiac consult, did not do any further cardiac work up. DECEDENT I. MILLER-PERDUE was then discharged from said facility.

25.   Plaintiffs are informed and believe and thereon allege that DECEDENT I. MILLER-PERDUE on June 26, 2019, consulted with and engaged the services of Defendants SCRIPPS, CALLAHAN and DOES 1 through 20, inclusive, and each of them, specifically for obtaining from said Defendants professional services to examine, diagnose, advise, care, treat, inform, recommend and administer regarding her health, medical care, complaints, symptoms and related medical matters, including but not necessarily limited to her involvement in automobile traffic collision. DECEDENT presented with a myriad of complaints including but not limited to chest pain, burning chest pain, pain to face, pain to her hand. DECEDENT was administered medical care.

26.   Plaintiffs are informed and believe and thereon allege that Defendants SCRIPPS, CALLAHAN and DOES 1 through 20, inclusive, and each of them, discharged DECEDENT I. MILLER-PERDUE on or about June 26, 2019. Plaintiffs are informed and believe and thereon allege that Defendants SCRIPPS, CALLAHAN and DOES 1 through 20, inclusive, and each of them, did not inform DECEDENT I. MILLER-PERDUE of the previous ECG

9

1 / EKG abnormal findings, as herein above alleged, did not order a cardiac consult, did not

2 do any further cardiac work up.   DECEDENT I. MILLER-PERDUE was then discharged

3 from the SCRIPPS facility.

4 27.   Plaintiffs are informed and believe and thereon allege that on July 11, 2019, DECEDENT

5 I. MILLER-PERDUE consulted with and engaged the services of Defendants SD HEALTH,

6 CUBAS, RODERICK and DOES 21 through 40, inclusive, and each of them, specifically

7 for obtaining from said Defendants professional services to examine, diagnose, advise, care,

8 treat, recommend, inform and administer regarding her health, medical care, complaints,

9 symptoms and related medical matters, including but not necessarily limited to continued

10 emesis multiple times a day, feelings of dehydration and thirst, reporting feeling worse after

11 work out / excretion. Plaintiffs are informed and believe and thereon allege that at this visit

12 / encounter (July 11, 2019) DECEDENT I. MILLER-PERDUE underwent  / received

13 medical services.

14 28.   Plaintiffs are informed and believe and thereon allege that Defendants SD HEALTH,

15 CUBAS, RODERICK and DOES 21 through 40, inclusive, and each of them, discharged

16 DECEDENT I. MILLER-PERDUE and did not inform her of the previous ECG / EKG

17 abnormal findings, did not order a cardiac consult, did not do any further cardiac work up.

18 DECEDENT I. MILLER-PERDUE was then discharged from Defendant SD HEALTH

19 facility.

20 29.   Plaintiffs are informed and believe and thereon allege that on August 21, 2019, DECEDENT

21 I. MILLER-PERDUE consulted with and engaged the services of Defendants SD HEALTH,

22 GRUNVALD and DOES 21 through 40, inclusive, and each of them, specifically for

23 obtaining from said Defendants professional services to examine, diagnose, advise, care,

24 treat, recommend, inform and administer regarding her health, medical care, complaints,

25 symptoms and related medical matters, including but not necessarily limited to continued

26 sweats, diarrhea, vomiting. Plaintiffs are informed and believe and thereon allege that

27 Defendants SD HEALTH, GRUNVALD and DOES 21 through 40, inclusive, and each of

28 them, found that DECEDENT's continued nausea and vomiting was without "any obvious"

10

etiology. Plaintiffs are informed and believe and thereon allege that at this visit / encounter (July 11, 2019) DECEDENT I. MILLER-PERDUE underwent / received medical services.

30. Plaintiffs are informed and believe and thereon allege that Defendants SD HEALTH, GRUNVALD and DOES 21 through 40, inclusive, and each of them, discharged DECEDENT I. MILLER-PERDUE and did not inform her of the previous ECG / EKG abnormal findings, did not order a cardiac consult, did not do any further cardiac work up. DECEDENT I. MILLER-PERDUE was then discharged from Defendant SD HEALTH facility.

31. Plaintiffs are informed and believe and thereon allege that for several years prior to August 22, 2019, DECEDENT I. MILLER-PERDUE consulted with and engaged the services of Defendants VISTA, DAO and DOES 41 through 60, inclusive, and each of them, as her primary care health provider / physician, specifically for obtaining from said Defendants professional services to examine, diagnose, advise, care, treat, recommend, inform and administer regarding her health, medical care, complaints, symptoms and related medical matters. Plaintiffs are informed and believe and thereon allege that DECEDENT presented on many occasions with signs, symptoms and risk factors for underlying cardiovascular disease. Plaintiffs are informed and believe and thereon allege that Defendants VISTA, DAO and DOES 41 through 60, inclusive, and each of them, did not attend to DECEDENT's presentations.

32. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each named Defendant and DOES 1 through 100, inclusive, and each of them, did negligently and carelessly or otherwise wrongfully examine, diagnose, advise, care, recommend, treat, inform and administer to DECEDENT I. MILLER-PERDUE so as to fail to diagnose DECEDENT's underlying cardiovascular disease. In their examination, diagnosis, advice, care, treatment, informing and administration of medical care to DECEDENT I. MILLER-PERDUE, each named Defendant and DOES 1 through 100, inclusive, and each of them, failed to exercise that degree of skill and care commonly possessed and exercised by health care providers, medical practitioners, medical doctors, medical specialists, physicians, surgeons, physician's

11

1       assistants, nurses, residents, technicians, aides, radiologists, anaesthetists, laboratory
2       assistants, x-ray assistants and / or medical facilities who perform the same and similar
3       treatment and diagnostic procedures in the area where each named Defendant and DOES 1
4       through 100, inclusive, and each of them, practice.

5   33.  Each named Defendant and DOES 1 through 100, inclusive, and each of them, examined,
6       diagnosed, advised, cared, treated, informed, administered, consulted and recommended to
7       DECEDENT I. MILLER-PERDUE, including but not limited to those matters herein above
8       alleged. DECEDENT I. MILLER-PERDUE relied upon the examinations, diagnoses,
9       advisements, care, treatments, information, recommendations, advice and representations of
10      each named Defendant and DOES 1 through 100, inclusive, and each of them, all to
11      DECEDENT I. MILLER-PERDUE's ultimate detriment, resulting in DECEDENT I.
12      MILLER-PERDUE's death on August 22, 2019.

13  34.  Plaintiffs are informed and believe and thereon allege each named Defendant and DOES 1
14      through 100, inclusive, and each of them, was negligent (breached the standard of care) as
15      related to those services respectively provided to DECEDENT. And that each act of neglect
16      (breach of the standard of care) was a substantial factor in causing the death of DECEDENT
17      I. MILLER-PERDUE.

18  35.  Plaintiffs allege that this Complaint was filed within the statutory requirements as mandated
19      by California law in effect at the time of the filing of this complaint.

20  36.  As a direct and proximate result of the aforesaid negligence, carelessness or other wrongful
21      conduct of defendants, and each of them, the heirs of the DECEDENT I. MILLER-PERDUE,
22      heretofore set forth in Paragraph One above have respectively sustained pecuniary losses
23      resulting from loss of society, comfort, attention, protection, services, love, moral support,
24      and financial support of DECEDENT I. MILLER-PERDUE, and therefore sustained
25      economic and non-economic damages, including but not necessarily limited to the following:

26      A. Non Economic damages for the loss of DECEDENT's love, companionship,
27  comfort, care, assistance, protection, affection, society, moral support, according to proof at time of
28  trial.

12

1        B. Economic damages for reasonable value of household services. Plaintiffs are

2    informed and believe and thereon allege that DECEDENT was 39 years old at the time of her death

3    and had a life expectancy of approximately 43 years. DECEDENT engaged on average of not less

4    than 2000 hours per year in providing household services. At the reasonable rate of compensation

5    of not less than $15.00 per hour, Plaintiffs are informed and believe and thereon allege they have

6    suffered a loss of DECEDENT's providing of household services. Plaintiffs pray for economic

7    damages for loss of household services (past and future) according to proof at time of trial.

8        C. Economic damages for loss of financial support, that DECEDENT would have

9    contributed to the family during her life expectancy. DECEDENT, a former member of the United

10   States Army, was earning around $115,000.00 a year prior to her death. Plaintiffs pray for loss of

11   financial support for said amount for not less than 30 years or according to proof at time of trial.

12       D. Other economic and non-economic damages by way of medical services, funeral

13   and burial expenses and incidental items, according to proof at time of trial.

14       Said economic and non-economic damages as alleged herein were incurred and necessitated

15   by reason of the negligent or otherwise acts and omissions of / by each named Defendant and DOES

16   1 through 100, inclusive, and each of them. The full amount of economic and non-economic

17   damages are presently unknown at this time and Plaintiffs pray for said damages according to proof

18   at time of trial.

19       WHEREFORE, Plaintiffs respectively pray for judgment against Defendants, and each of

20   them, as follows:

21       1.    For economic damages according to proof;

22       2.    For non-economic damages according to proof;

23       3.    For funeral and burial expenses according to proof;

24       4.    For costs of suit incurred herein;

25       5.    For interest on damages pursuant to Civil Code Section 3291; and

26       6.    For such other and further relief as this court finds just and proper.

27   ///

28   ///

13

COMPLAINT FOR WRONGFUL DEATH ARISING FROM MEDICAL NEGLIGENCE

1    Dated: August 13, 2019            THE LAW OFFICES OF RICHARD M. KATZ

2

3                          .            By: _Richard M. Katz_

4                                       Richard M. Katz, Esq.
                                        Harlan N. Petoyan, Esq.
                                        Attorney for Plaintiffs,
5                                       Richard Perdue III, Kealani Marie Miller-Perdue,
                                        Keokola Khailani Miller-Perdue and Kaielee Dalani
6                                       Miller-Perdue

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

ORIGINAL

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Richard M. Katz, Esq. (SBN 86941)<br>The Law Offices of Richard M. Katz<br>1122 East Green Street<br>Pasadena, CA 91106<br>TELEPHONE NO.: 626-796-6333   FAX NO.: 626-796-5615<br>ATTORNEY FOR *(Name)*: Plaintiffs, RICHARD PERDUE III | FOR COURT USE ONLY<br>FILED<br>CIVIL BUSINESS OFFICE-31<br>CENTRAL DIVISION<br><br>2020 AUG 14 A 10: 39<br><br>F I L E D<br>Clerk of the Superior Court<br>CLERK OF THE SUPERIOR COURT<br>AUG. 14 2020 NIY, CA<br><br>By: M. Valdez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: The Hall of Justice

CASE NAME:
Perdue III, et.al. v. The Regents Of The University Of California, et.al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>37-2020-00028645-CU-MM-CTL |
|---|---|---|
| ☑ Unlimited    ☐ Limited<br>(Amount            (Amount<br>demanded         demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☑ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties           d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel      e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                    in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence             f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify)*: One
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 13, 2020
Richard M. Katz, Esq.
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box for the case type that best describes the case.** If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary cause of action.** To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, e counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

ORIGINAL

CIV-010

ATTORNEY (Name, State Bar number, and address):
Richard M. Katz, Esq. (SBN 86941)
The Law Offices of Richard M. Katz
1122 East Green Street
Pasadena, CA 91106
TELEPHONE NO. 626-796-6333    FAX NO. (Optional): 626-796-5615
E-MAIL ADDRESS (Optional): Richard@katzlawoffices.com
ATTORNEY FOR (Name): Plaintiffs, Richard Perdue III, et.al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: The Hall of Justice

PLAINTIFF/PETITIONER: Richard Perdue III, et.al.

DEFENDANT/RESPONDENT: The Regents, et.al.

**FOR COURT USE ONLY**

2020 SEP 14 PM 2: 18

**F I L E D**
Clerk of the Superior Court

SEP 14 2020

By: _____, Deputy

| APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL  ☑ EX PARTE | CASE NUMBER 37-2020-00028645-CU-MM-CTL |
|---|---|

BY FAX

*NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant (name): Helen Miller-Melero                                    is
   a. ☐ the parent of (name):
   b. ☑ the guardian of (name):  Kealani Marie Miller-Perdue
   c. ☐ the conservator of (name):
   d. ☐ a party to the suit.
   e. ☑ the minor to be represented (if the minor is 14 years of age or older).
   f. ☑ another interested person (specify capacity):  Grandmother

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
   Helen Miller-Melero, 33477 Barrington Drive Temecula, CA 92592, (760) 213-3609.

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
   Kealani Marie Miller-Perdue, 366 Moonstone Bay Drive, Oceanside, CA 92057, (760) 315-3228.

4. The person to be represented is:
   a. ☑ a minor (date of birth):  06/29/04
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☑ the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
      Medical Malpractice / Wrongful Death

☐ Continued on Attachment 5a.

Form Adopted for Mandatory Use
Judicial Council of California
CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL**

Page 1 of 2

Code of Civil Procedure
§ 372, et seq.

American LegalNet, Inc.
www.FormsWorkflow.com

CIV-010

| PLAINTIFF/PETITIONER: Richard Perdue III, et.al. | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: The Regents, et.al. | 37-2020-00028645-CU-MM-CTL |

5.  b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

   c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

   d. ☐ the appointment of a guardian ad litem is necessary for the following reasons (specify).

   ☐ Continued on Attachment 5d.

6.  The proposed guardian ad litem's relationship to the person he or she will be representing is:
   a. ☑ related (state relationship): Grandmother
   b. ☐ not related (specify capacity).

7.  The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

   ☐ Continued on Attachment 7

Richard M. Katz, Esq.
_____          ▶ _____
TYPE OR PRINT NAME

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

Helen Miller-Melero
_____          ▶ _____
TYPE OR PRINT NAME                                    (SIGNATURE OF APPLICANT)

### CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date:

Helen Miller-Melero
_____          ▶ _____
TYPE OR PRINT NAME                                    (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

### ORDER   ☑ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Helen Miller-Melero
is hereby appointed as the guardian ad litem for (name): Kealani Marie Miller-Perdue
for the reasons set forth in item 5 of the application.
Date

GREGORY W. POLLACK
☑ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]

### APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL

Page 2 of 2

**ORIGINAL**

CIV-010

| | |
|---|---|
| ATTORNEY (Name, State Bar number, and address):<br>Richard M. Katz, Esq. (SBN 86941)<br>The Law Offices of Richard M. Katz<br>1122 East Green Street<br>Pasadena, CA 91106<br>TELEPHONE NO. 626-796-6333   FAX NO. (Optional): 626-796-5615<br>E-MAIL ADDRESS (Optional): Richard@katzlawoffices.com<br>ATTORNEY FOR (Name): Plaintiffs, Richard Perdue III, et.al. | FOR COURT USE ONLY<br>FILED<br>2020 SEP 14  P 4: 18 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

| | |
|---|---|
| STREET ADDRESS: 330 W. Broadway<br>MAILING ADDRESS: Same as above<br>CITY AND ZIP CODE: San Diego, 92101<br>BRANCH NAME: The Hall of Justice | **FILED**<br>Clerk of the Superior Court<br>**SEP 1 4 2020**<br>By: _____, Deputy |

PLAINTIFF/PETITIONER: Richard Perdue III, et.al.

DEFENDANT/RESPONDENT: The Regents, et.al.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>[✓] EX PARTE | CASE NUMBER<br>37-2020-00028645-CU-MM-CTL |
|---|---|

BY FAX

*NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant (name): Helen Miller-Melero                                    is
   a. [ ] the parent of (name):
   b. [✓] the guardian of (name): Kekoa Khailani Miller-Perdue
   c. [ ] the conservator of (name):
   d. [ ] a party to the suit.
   e. [ ] the minor to be represented (if the minor is 14 years of age or older).
   f. [✓] another interested person (specify capacity): Grandmother

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
   Helen Miller-Melero, 33477 Barrington Drive Temecula, CA 92592, (760) 213-3609.

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
   Kekoa Khailani Miller-Perdue, 366 Moonstone Bay Drive, Oceanside, CA 92057, (760) 315-3228.

4. The person to be represented is:
   a. [✓] a minor (date of birth): 06/27/10
   b. [ ] an incompetent person.
   c. [ ] a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. [✓] the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
      Medical Malpractice / Wrongful Death

   [ ] Continued on Attachment 5a.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-010 [Rev. January 1, 2008] | **APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL** | Page 1 of 2<br>Code of Civil Procedure<br>§ 372, et seq.<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

CIV-010

| PLAINTIFF/PETITIONER: Richard Perdue III, et.al. | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: The Regents, et.al. | 37-2020-00028645-CU-MM-CTL |

5  b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☐ the appointment of a guardian ad litem is necessary for the following reasons (specify):

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
a. ☑ related (state relationship): Grandmother
b. ☐ not related (specify capacity):

7  The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

☐ Continued on Attachment 7.

Richard M. Katz, Esq.
_____
(TYPE OR PRINT NAME)                                   ▶ _____
                                                          (ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

Helen Miller-Melero
_____                              ▶ _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date:

Helen Miller-Melero
_____                              ▶ _____
TYPE OR PRINT NAME                                        (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER  ☑ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Helen Miller-Melero
is hereby appointed as the guardian ad litem for (name): Kekoa Khailani Miller-Perdue
for the reasons set forth in item 5 of the application.
Date:

GREGORY W. POLLACK

☑ SIGNATURE FOLLOWS LAST ATTACHMENT

**APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL**

ORIGINAL

**SUM-100**

## SUMMONS  **BY FAX**
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,
"Additional Parties Attachment form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RICHARD PERDUE III, KEALANI MARIE MILLER-PERDUE,
"Additional Parties Attachment form is attached."

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
CIVIL BUSINESS OFFICE-31
CENTRAL DIVISION

2020 SEP 14  P 4: 18

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego County Superior Court - The Hall of Justice
330 W. Broadway, San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):*
37-2020-00028645-CU-MM-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard M. Katz, Law Offices of Richard M. Katz, 1122 E. Green St., Pasadena, CA 91106 (626) 796-6333

DATE: **SEP 2 3 2020**
*(Fecha)*

Clerk, by _____ M. DIXON , Deputy
*(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Perdue III, et.al. v. The Regents Of The University Of California, et.al. | 37-2020-00028645-CU-MM-CTL |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

a minor, by and through her Guardian Ad Litem, RICHARD PERDUE III, KEKOA KHAILANI
MILLER-PERDUE, a minor, by and through his Guardian Ad Litem, RICHARD PERDUE III and
KHAIELEE DALANI MILLER-PERDUE.

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Perdue III, et.al. v. The Regents Of The University Of California, et.al. | 37-2020-00028645-CU-MM-CTL |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

legal entity, specific form unknown, UCSD / UC SAN DIEGO HEALTH CENTER, legal entity, specific form unknown, SCRIPPS HEALTH SYSTEM, a business entity, specific form unknown,  ENCINITAS HOSPITALIST ASSOCIATES, a legal entity, specific form unknown, VISTA COMMUNITY CLINIC, a business entity, specific form unknown, MINH TRAN DAO, M.D., MARK C. BEYER, P.A., AMY HUONG TRAN, M.D., IAN GROVER,  M.D., JOYCLENE GREEN, M.D., ROBERT F. CUBAS, M.D., JON J. ROTH, M.D., NATHALIE KARIN CALLAHAN, P.A., ELIZABETH RODERICK, M.D., EDUARDO L. GRUNVALD, M.D., and DOES 1 through 100, inclusive,

Page  3  of  3

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/02/2021** at 11:24:00 PM

**Clerk of the Superior Court**
By Nicole Adams, Deputy Clerk

1 | **CARROLL, KELLY, TROTTER & FRANZEN**
RICHARD D. CAROLL, ESQ. (SBN: 116913)
2 | N. BEN CRAMER, ESQ. (SBN: 261767)
EDUARDO G. GONZALEZ, ESQ. (SBN: 323255)
3 | 225 Broadway, Suite 1500
San Diego, California 92101
4 | Telephone No. (619) 814-5900 / Facsimile No. (619) 814-5999

5 | Attorneys for Defendants, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA EDUARDO
GRUNVALD, M.D., ELIZABETH RODERICK, M.D. IAN GROVER, M.D. ROBERT F. CUBAS,
6 | M.D. AND JOYCELYN GREEN, M.D. (erroneously sued and served as JOYCLENE GREEN, M.D.)
*Governmental Entities and Employees of Governmental Entity; No Filing Fee Required Pursuant to Gov.*
7 | *Code § 6103*

8

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**
10

11

12 | RICHARD PERDUE III, KEALANI MARIE
MILLER-PERDUE, minor, by and through her
13 | Guardian Ad Litem, RICHARD PERDUE III,
KEKOA KHAILANI MILLER-PERDUE, a
14 | minor, by and through his Guardian Ad Litem,
RICHARD PERDUE III and KHAIELEE
15 | DALANI MILLER-PERDUE,

16 |        Plaintiffs,

17 |     vs.

18 | THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA, a legal entity, specific form
19 | unknown, UCSD/UC SAN DIEGO HEALTH
CENTER, legal entity, specific form unknown,
20 | SCRIPPS HEALTH SYSTEM, a business entity,
specific form unknown, ENCINITAS
21 | HOSPITALIST ASSOCIATES, a legal entity,
specific form unknown, VISTA COMMUNITY
22 | CLINIC, a business entity, specific form
unknown, MINH TRAN DAO, M.D., MARK C.
23 | BEYER, P.A., AMY HUONG TRAN, M.D., IAN
GROVER, M.D., JOYCLENE GREEN, M.D.,
24 | ROBERT F. CUBAS, M.D., JON J. ROTH, M.D.
NATHALIE KARIN, CALLAHAN, P.A.,
25 | ELIZABETH RODERICK, M.D. EDUARDO L.
GRUNVALD, M.D. and DOES 1-200, inclusive,
26

27 |        Defendants.

28

---

CASE NO.: 37-2020-00028645-CU-MM-CTL

ASSIGNED FOR ALL PURPOSES TO:
JUDGE: GREGORY W POLLACK
DEPARTMENT: C-71

**STIPULATION REGARDING DISMISSAL
OF EDUARDO GRUNVALD, M.D.,
ELIZABETH RODERICK, M.D. IAN
GROVER, M.D. ROBERT F. CUBAS, M.D.
AND JOYCELYN GREEN, M.D. AND
ORDER THEREON**

Complaint Filed: 08/14/20
Trial Date: Not Set

---

1

**STIPULATION REGARDING DISMISSAL OF EDUARDO GRUNVALD, M.D., ELIZABETH
RODERICK, M.D. IAN GROVER, M.D. ROBERT F. CUBAS, M.D. AND JOYCELYN GREEN, M.D.
AND ORDER THEREON**

COME NOW plaintiffs, RICHARD PERDUE III, KEALANI MARIE MILLER-PERDUE, minor, by and through her Guardian Ad Litem, RICHARD PERDUE III, KEKOA KHAILANI MILLER-PERDUE, a minor, by and through his Guardian Ad Litem, RICHARD PERDUE III and KHAIELEE DALANI MILLER-PERDUE, by and through their attorneys of record, Richard M. Katz, Esq. of the Law Offices of Richard M. Katz. and Defendants EDUARDO GRUNVALD, M.D., ELIZABETH RODERICK, M.D., IAN GROVER, M.D., ROBERT F. CUBAS, M.D. AND JOYCELYN GREEN, M.D. (erroneously sued and served as JOYCLENE GREEN, M.D.) and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA by and through their attorneys of record, N. Ben Cramer, Esq., of Carroll, Kelly, Trotter & Franzen, who hereby stipulate and agree as follows:

1.  EDUARDO GRUNVALD, M.D. was involved in the care of Irene Miller while he was a patient of UCSD Medical Center in August of 2019. At all times while providing care to Irene Miller, EDUARDO GRUNVALD, M.D, was an employee and/or agent of The Regents of the University of California, and was acting within the scope of that agency and employment;

2.  ELIZABETH RODERICK, M.D. was involved in the care of Irene Miller while he was a patient of UCSD Medical Center in August of 2019. At all times while providing care to Irene Miller, ELIZABETH RODERICK, M.D. was an employee and/or agent of The Regents of the University of California, and was acting within the scope of that agency and employment;

3.  IAN GROVER, M.D. was involved in the care of Irene Miller while he was a patient of UCSD Medical Center in August of 2019. At all times while providing care to Irene Miller, IAN GROVER, M.D., was an employee and/or agent of The Regents of the University of California, and was acting within the scope of that agency and employment;

4.  ROBERT F. CUBAS, M.D. was involved in the care of Irene Miller while he was a patient of UCSD Medical Center in August of 2019. At all times while providing care

**STIPULATION REGARDING DISMISSAL OF EDUARDO GRUNVALD, M.D., ELIZABETH RODERICK, M.D. IAN GROVER, M.D. ROBERT F. CUBAS, M.D. AND JOYCELYN GREEN, M.D. AND ORDER THEREON**

1    to Irene Miller, ROBERT F. CUBAS, M.D. was an employee and/or agent of The

2    Regents of the University of California, and was acting within the scope of that agency

3    and employment;

4    5.   JOYCELYN GREEN, M.D. was involved in the care of Irene Miller while he was a

5    patient of UCSD Medical Center in August of 2019. At all times while providing care

6    to Irene Miller, JOYCELYN GREEN, M.D. was an employee and/or agent of The

7    Regents of the University of California, and was acting within the scope of that agency

8    and employment;

9    6.   That Defendants EDUARDO GRUNVALD, M.D., ELIZABETH RODERICK, M.D.,

10   IAN GROVER, M.D., ROBERT F. CUBAS, M.D. AND JOYCELYN GREEN, M.D.

11   agree to waive all costs incurred, if any, and also agree to waive any future claims

12   against Plaintiffs for malicious prosecution;

13   7.   That in the event any of the medical care and treatment rendered by Defendants

14   EDUARDO GRUNVALD, M.D., ELIZABETH RODERICK, M.D., IAN GROVER,

15   M.D., ROBERT F. CUBAS, M.D. AND JOYCELYN GREEN, M.D. to plaintiffs'

16   decedent Irene Miller is found by the trier of fact to be professionally negligent or other

17   culpable conduct responsible for the injuries and damages as alleged in the operative

18   complaint, then Defendant THE REGENTS OF THE UNIVERSIRTY OF

19   CALIFORNIA will be legally responsible/liable, vicariously or otherwise, for the

20   injuries and general and special damages found to have been legally sustained by the

21   plaintiffs as a result of said negligence or other culpable conduct;

22   8.   That Defendant THE REGENTS OF THE UNIVERSIRTY OF CALIFORNIA agrees

23   to produce Defendants EDUARDO GRUNVALD, M.D., ELIZABETH RODERICK,

24   M.D., IAN GROVER, M.D., ROBERT F. CUBAS, M.D. AND JOYCELYN GREEN,

25   M.D. for deposition and trial, upon request, without the necessity for subpoena and at

26   Defendant THE REGENTS OF THE UNIVERSIRTY OF CALIFORNIA's expense or

27   payment of a witness fee, the same as if Defendants EDUARDO GRUNVALD, M.D.,

28

3

**STIPULATION REGARDING DISMISSAL OF EDUARDO GRUNVALD, M.D., ELIZABETH
RODERICK, M.D. IAN GROVER, M.D. ROBERT F. CUBAS, M.D. AND JOYCELYN GREEN, M.D.
AND ORDER THEREON**

ELIZABETH RODERICK, M.D., IAN GROVER, M.D., ROBERT F. CUBAS, M.D. AND JOYCELYN GREEN, M.D. were a party to this action;

9. This stipulation and dismissal with prejudice is not and cannot be construed as a favorable termination and shall not act as a retraxit as to Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and/or Defendants EDUARDO GRUNVALD, M.D., ELIZABETH RODERICK, M.D., IAN GROVER, M.D., ROBERT F. CUBAS, M.D. AND JOYCELYN GREEN, M.D. or any other party or third person;

10. That this stipulation will not act as a bar or an affirmative defense to any claims by plaintiffs of negligence or other wrongful acts against Defendants THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and/or EDUARDO GRUNVALD, M.D., ELIZABETH RODERICK, M.D., IAN GROVER, M.D., ROBERT F. CUBAS, M.D. AND JOYCELYN GREEN, M.D. or any third party;

11. That this stipulation will not act as a bar to having EDUARDO GRUNVALD, M.D., ELIZABETH RODERICK, M.D., IAN GROVER, M.D., ROBERT F. CUBAS, M.D. AND JOYCELYN GREEN, M.D. attend all aspects of the trial as if they are a named Defendant.

12. In consideration of the above, plaintiffs will hereby dismiss Defendants EDUARDO GRUNVALD, M.D., ELIZABETH RODERICK, M.D., IAN GROVER, M.D., ROBERT F. CUBAS, M.D. AND JOYCELYN GREEN, M.D. from this action with prejudice.

IT IS FURTHER STIPULATED that the parties may sign this Stipulation in counterparts, and each signed facsimile transmitted copy will be considered to be the same as an original.

4

**STIPULATION REGARDING DISMISSAL OF EDUARDO GRUNVALD, M.D., ELIZABETH RODERICK, M.D. IAN GROVER, M.D. ROBERT F. CUBAS, M.D. AND JOYCELYN GREEN, M.D. AND ORDER THEREON**

DATED:  March 30, 2021

CARROLL, KELLY, TROTTER & FRANZEN

By: _____
RICHARD D. CARROLL
N. BEN CRAMER
EDUARDO G. GONZALEZ
Attorneys for Defendants
THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA EDUARDO GRUNVALD,
M.D., ELIZABETH RODERICK, M.D. IAN
GROVER, M.D. ROBERT F. CUBAS, M.D.
AND JOYCELYN GREEN, M.D.

DATED:  March 30, 2021

THE LAW OFFICES OF RICHARD M. KATZ

By: _____
RICHARD M. KATZ
HARLAN N. PETOYAN
Attorneys for Plaintiffs
RICHARD PERDUE III, KEALANI MARIE
MILLER-PERDUE, minor, by and through
her  Guardian  Ad  Litem,  RICHARD
PERDUE   III,   KEKOA   KHAILANI
MILLER-PERDUE, a minor, by and through
his Guardian Ad Litem, RICHARD PERDUE
III and  KHAIELEE  DALANI  MILLER-
PERDUE

**ORDER**

GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.

4/7/21

_____
GREGORY W POLLACK
JUDGE OF THE SUPERIOR COURT

5

**STIPULATION REGARDING DISMISSAL OF EDUARDO GRUNVALD, M.D., ELIZABETH
RODERICK, M.D. IAN GROVER, M.D. ROBERT F. CUBAS, M.D. AND JOYCELYN GREEN, M.D.
AND ORDER THEREON**